UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DOMINIC WOODFORD,

    Plaintiff,

v.

FCI MILAN, et al.,

    Defendant.
_____/

Case No. 2:23-cv-13284

Honorable Susan K. DeClercq
United States District Judge

Honorable David R. Grand
United States Magistrate Judge

**OPINION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF No. 20) AND AFFIRMING ORDER (ECF No. 17)**

Plaintiff Darryl Woodford has filed an objection to the Magistrate Judge's order denying his motion to appoint counsel. A hearing is unnecessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's objection will be overruled because the Magistrate Judge's order contains no clear error.

**I.**

On December 27, 2023, Plaintiff filed his complaint against Defendant FCI Milan and three individual FCI Milan correctional officers, ECF No. 1, and an application to proceed without prepaying fees or costs, ECF No. 2, which was granted, ECF No. 5.

On April 22, 2024, Plaintiff filed a motion seeking the appointment of an attorney, stating that he is "no match for opposing counsel" and that "without the

legal assistance of professional help, Plaintiff will be faced with a typical hardship." ECF No. 16 at PageID.57–58. Magistrate Judge David R. Grand denied Plaintiff's motion without prejudice, finding that Plaintiff "has not shown 'exceptional circumstances' meriting the appointment of counsel." ECF No. 17 at PageID.61. Magistrate Judge Grand did note, however, that Plaintiff could file a renewed motion for the appointment of counsel if his case proceeded to trial. *Id*. at PageID.62. Plaintiff objects to the order that denied his motion for counsel. ECF No. 20.

## II.

The Magistrate Judge's order resolved a nondispositive pretrial matter. *See Massey v. City of Ferndale*, 7 F.3d 506, 508–09 (6th Cir. 1993) (listing dispositive matters). Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574

(1985) ("Where there are two permissible views of the evidence, the[] choice between them cannot be clearly erroneous.") (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949) and *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844 (1982)). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

"If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error." *Murphy v. May*, No. 1:21-CV-12089, 2023 WL 4964296, at *2 (E.D. Mich. Aug. 3, 2023) (collecting cases); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008).

### III.

Having reviewed Plaintiff's objection, the relevant orders, and all the related filings in the record, this Court concludes that the Magistrate Judge's order, ECF No. 17, is neither clearly erroneous nor contrary to law.

Magistrate Judge Grand expressly noted that Plaintiff "has adequately articulated the basis of his action and appears capable of understanding the issues and advocating for himself." ECF No. 17 at PageID.61. Indeed, having reviewed the papers filed by Plaintiff in this case to date, including his poignant letter addressed filed on July 10, 2024, this Court agrees that Plaintiff is capable of expressing himself thoroughly.  Magistrate Judge Grand also correctly noted that the issues in this case are not overly complex and allowed Plaintiff to renew his motion at a later juncture. Moreover, as noted by Defendants in their response, ECF No. 21, district courts within the Sixth Circuit have routinely held that issues typical to prisoner litigation such as limited access to legal materials and limited knowledge of the law do not present exceptional circumstances requiring the appointment of counsel. *See e.g.*, *Stewart v. United States*, 2017 WL 939197, at *1 (W.D. Tenn. Mar. 7, 2017) (finding appointment of counsel not warranted under similar grounds).

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 20, is **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Grand's Order Denying Motion to Appoint Counsel, ECF No. 17, is **AFFIRMED**.

    */s/Susan K. DeClercq*
    SUSAN K. DeCLERCQ
    United States District Judge

Dated:  August 29, 2024