UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DOMINIC WOODFORD,

            Plaintiff,

v.

FCI MILAN, *et al.*,

            Defendants.
_____/

Civil Action No. 23-13284

Susan K. DeClercq
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTION TO DISMISS (ECF No. 18)**

*Pro se* plaintiff Darryl Dominic Woodford ("Woodford"), who is currently confined at the Genesee County Jail, filed a complaint against the Federal Correctional Institution, Milan ("FCI Milan") and FCI Milan correctional officers Tische, Rising, and Frazier (collectively, "Defendants"), alleging that, during his placement at FCI Milan, they violated his protective custody rights by housing him with a non-protective custody inmate and inflicted cruel and unusual punishment against him in violation of the Eighth Amendment. (ECF No. 1). The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 15).

On May 16, 2024, Defendants filed a Motion to Dismiss (ECF No. 18), which has been fully briefed (ECF Nos. 27, 28).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal

issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion to dismiss **(ECF No. 18)** be **GRANTED**.

II.    REPORT

A.     Background

In his complaint, Woodford alleges that, on May 14, 2023, he was placed at FCI Milan. (ECF No. 1, PageID.7). He alleges that, on August 21, 2023, he was attacked by two members of a gang that he was planning to testify against. (*Id.*). After the attack, Woodford was placed in protective custody and taken to the special housing unit. (*Id.*). He alleges that, from October 13, 2023, to October 26, 2023, while in the special housing unit, he was "placed with another known gang member, and violent troublemaker named Seydoo Ba, who was associated with the gang members who originally attacked [him]." (*Id.*). Because he was placed in the same cell with another gang member, Woodford alleges that he was "forced to hide [his] identity out of fear for [his] safety" and "hide under [his] blankets" out of fear that officers would reveal his identity, which caused him "a lot of stress and unbearable anxiety." (*Id.*).

Woodford alleges that, on October 20, 2023, correctional officer ("CO") Tische and his cellmate Seydoo Ba had a verbal altercation, which caused CO Tische and CO Rising to "escort" Woodford and Seydoo Ba to the shower while the COs destroyed everything in their cell and removed their mattresses. (*Id.*). Woodford alleges that the COs did not return

their mattresses until Woodford and Seydoo Ba apologized, and CO Frazier threatened to spray them with a mace unless they apologized. (*Id.*). Once Woodford and Seydoo Ba apologized, the COs returned their mattresses. (*Id.*).

Woodford alleges that, the next day, on October 21, 2023, COs Tische and Rising had another verbal altercation with Seydoo Ba, which resulted in Woodford and Seydoo Ba being "locked in the shower" while the COs took their mattresses from their cell again. (*Id.*). This time, however, the COs also allegedly took their clothes and towels, left them "dripping wet in only a thin pair of boxers," and "opened all of the windows in freezing weather to punish [them] more" from 2 p.m. until 9 p.m., at which time the COs returned Woodford's and Seydoo Ba's mattresses and clothes. (*Id.*). On October 26, 2023, Woodford was transferred out of FCI Milan to the Genesee County Jail. (*Id.*, PageID.7).

Based on the above allegations, Woodford claims that Defendants imposed cruel and unusual punishment in violation of his Eighth Amendment rights, and as a result, he sustained "minor bruising on [his] buttocks from the long duration of sitting on the metal bedframe inside [his] cell," and he suffers from a post-traumatic stress disorder and nightmares. (*Id.*, PageID.7-8). He seeks monetary damages. (*Id.*, PageID.8).

Defendants now move to dismiss Woodford's complaint, arguing that Woodford's claims against FCI Milan are barred by sovereign immunity, and that his claims against the correctional officers in their individual capacities are subject to dismissal under *Bivens*. (ECF No. 18).[1]

---

[1] Defendants also argue that CO's Tische, Rising, and Frazier are entitled to qualified immunity on Woodford's claims against them in their individual capacities. Because Woodford's claims

**B.     Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also*

---

against the correctional officers in their individual capacities are subject to dismissal under *Bivens*, this Report and Recommendation does not address Defendants' qualified immunity argument.

*Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C.    Analysis**

As an initial matter, although Woodford states in his complaint that he is bringing his claims under 42 U.S.C. § 1983 against "State or local officials" (ECF No. 1, PageID.4), his complaint alleges Eighth Amendment violations against a federal prison and federal prison officials, and so his claims arise under *Bivens v. Six Unknown Fed. Agents,* 403 U.S. 388 (1971), not under § 1983. *See Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010) ("Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action."); *Mobley v. Dep't of Just.*, 2024 WL 712889 (W.D. Tenn. Feb. 21, 2024) (stating that inmate's "claims against federal agencies and federal prison officials . . . arise, if at all, under *Bivens*, not under 42 U.S.C. § 1983."). For the reasons

discussed below, Woodford's *Bivens* claims against FCI Milan and its correctional officers should be dismissed.

### Claims Against FCI Milan[2]

Woodford's *Bivens* claims against FCI Milan are barred by sovereign immunity. "*Bivens* authorized damage suits against individual federal officials, but *Bivens* does not authorize those suits against the United States, its agencies, or its employees in their official capacities." *Mobley v. Dep't of Just.*, 2024 WL 712889, at *5 (W.D. Tenn. Feb. 21, 2024). FCI Milan is a federal correctional institution, which is an entity of the United States Government. As such, Woodford's *Bivens* claims against FCI Milan are barred by sovereign immunity and should be dismissed. *See Franklin v. Henderson*, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell*, 2000 WL 876775, at *3 (6th Cir. June 22, 2000); *Miller v. Fed. Bureau of Investigation,* 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages").

---

[2] Defendants argue that, to the extent Woodford's claim can be construed as raising a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, Woodford has failed to exhaust his administrative remedies before filing such claim in federal court. The Sixth Circuit has made clear that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 417 (6th Cir. 2024) (affirming dismissal of complaint for failure to exhaust under FTCA at the motion to dismiss stage because the exhaustion requirement is a "mandatory claims processing rule.") (quotations omitted). Woodford does not allege in his complaint that he filed any administrative tort claim against FCI Milan, and his response to Defendants' motion to dismiss confirms that he did not administratively exhaust any FTCA claims, which is a mandatory requirement before raising such claims in federal court. (*See* ECF No. 27, PageID.133; *see also* ECF No. 18-1, PageID.90 (BOP records confirming Woodford did not file any administrative tort claim)). Accordingly, any claims under the FTCA are subject to dismissal.

Claims Against Correctional Officers Tische, Rising, and Frazier

  *i. Official Capacity Claims*

Woodford's official capacity claims against COs Tische, Rising, and Frazier fail as a matter of law. *Bivens* does not permit suits against government employees in their official capacities because "the real party in interest in an official-capacity suit is the entity represented and not the individual shareholder." *Himmelreich v. BOP*, 2012 WL 13226685, at *2 (6th Cir. May 7, 2012). As such, "[t]he bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as employees or officials of the [federal agency], as defendants." *Mobley*, 2024 WL 712889, at *6; *see FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (stating that because an action against a federal agency, such as the BOP or federal officers in their official capacities, is essentially a suit against the United States, those suits are also barred under the doctrine of sovereign immunity, unless immunity has been waived); *Boone v. Garland*, 2023 WL 2021688, at *2 (E.D. Mich. Feb. 15, 2023) ("Because the United States has not waived its immunity to a *Bivens* action, [plaintiff] may not sue the individual defendants in their official capacities under *Bivens*.").

Accordingly, Woodford's *Bivens* claims against COs Tische, Rising, and Frazier in their official capacities fail as a matter of law, and those claims should be dismissed.

### ii. Individual Capacity Claims

A *Bivens* action, based on alleged constitutional violations by federal officials, may be brought against federal officers in their individual capacities.[3] To state a *Bivens* claim plausibly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" in a manner that can be vindicated under *Bivens*. *See Himmelreich*, 2012 WL 13226685, at *2; *Nuclear Transp. & Storage v. United States*, 890 F.2d 1348, 1355 (6th Cir. 1989) (complaints asserting a *Bivens* cause of action are subject to the same heightened pleading requirements as claims under § 1983).

The Sixth Circuit has made clear that there are only three contexts in which a private right of action for damages may be properly brought against federal officials for constitutional violations:

> The Supreme Court has explicitly recognized only three contexts in which a private right of action for damages may be properly brought against federal officials for constitutional violations: (1) under the Fourth Amendment for a violation of the prohibition against unreasonable searches and seizures of a private citizen's residence, *Bivens*, 403 U.S. at 397, 91 S.Ct. 1999; (2) under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 248-49, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); and (3) under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green*, 446 U.S. 14, 19, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). *See Egbert v. Boule*, 596 U.S. 482, 142 S.

---

[3] To the extent Woodford's constitutional claims are based on the alleged violation of prison policy, those claims fail as a matter of law and should be dismissed, 28 U.S.C. § 1915(e)(2)(B), because a prison official's failure to follow internal policies or procedural rules does not give rise to a constitutional violation. *See, e.g., Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison . . . to follow its own policies and procedures does not amount to a constitutional violation."); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir.1994) (prison regulations "do not create an independent federal due process liberty interest or right in the prisoner.").

> Ct. 1793, 1802-03, 213 L.Ed.2d 54 (2022). And expanding the reach of *Bivens* "is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1857, 198 L.Ed.2d 290 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Thus, in determining whether *Bivens* can afford relief in a particular case, a court must first ask "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert*, 142 S. Ct at 1803 (alteration in original) (quoting *Ziglar*, 137 S. Ct. at 1859-60). If so, the context is new, and a *Bivens* remedy is "unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 137 S. Ct. at 1858). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, ___ U.S. ___, 140 S. Ct. 735, 743, 206 L.Ed.2d 29 (2020)).

*Patton v. Blackburn*, 2023 WL 7183139, at *2-3 (6th Cir. May 2, 2023).

Importantly, the Sixth Circuit has reiterated that *Bivens* claims under the Eighth Amendment are limited only to a "claim against prison officials for inadequate medical care," and that there is otherwise a "firm presumption against implying any other new cause of action under *Bivens*." *Greene v. United States*, 2022 WL 13638916, at *3 (6th Cir. Sept. 13, 2022). To be clear, this presumption applies to claims of excessive force. *Id.*, at *4 ("Greene's Eighth Amendment claims against federal corrections officers and officials for conspiracy, excessive force, sexual harassment, sexual assault, and failure to protect arise in 'a new context' and involve a 'new category of defendants,' [], and therefore are presumptively non-cognizable [under Bivens] . . ."). *See also Anderson v. Fuson*, No. 23-5342, 2024 WL 1697766, at *3 (6th Cir. Feb. 1, 2024) ("In sum, we decline to extend *Bivens* to Anderson's Eighth Amendment excessive-force claims.").

Here, Woodford's Eighth Amendment claims against the correctional officers, whether construed as alleging harassment, excessive force, or an unconstitutional condition of confinement, are clearly not claims alleging inadequate medical care, and thus "arise in a new context." *See Greene*, 2022 WL 13638916, at *3; *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."); *Patton*, 2023 WL 7183139, at *2 ("[Plaintiff's] Eighth Amendment excessive-force claims arise in a new context. Although, as noted above, the Supreme Court has recognized a deliberate-indifference claim under the Eighth Amendment, it has never recognized an excessive-force claim under the Eighth Amendment. The fact that a previously recognized *Bivens* claim involves the same constitutional provision is inconsequential.").

Finally, in *Greene*, where a federal prisoner attempted to assert an Eighth Amendment claim under *Bivens*, in addition to finding that the claim arose in a "new context," the Sixth Circuit explained that "special factors counsel against recognizing a new *Bivens* claim in this context, namely, that Congress has not created a cause of action for damages against federal corrections officers and officials, [plaintiff] has an adequate alternate remedy under the BOP grievance system, and implying a cause of action in this context would risk interfering with prison administration . . ." *Greene*, 2022 WL 13638916, at *4 (citations omitted).

Accordingly, Woodford has no remedy for damages under *Bivens* on his Eighth Amendment claims against COs Tische, Rising, and Frazier, and such claims should be

dismissed.

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion to dismiss Woodford's complaint **(ECF No. 18)** be **GRANTED**.

Dated: December 16, 2024  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 16, 2024.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager